# NOTE



## NOTICE: THIS LOAN IS NOT ASSUMABLE WITHOUT THE APPROVAL OF THE DEPARTMENT OF VETERANS AFFAIRS OR ITS AUTHORIZED AGENT.

| FEBRUARY 26, 2025 | GOULDSBORO, | PENNSYLVANIA |
|---|---|---|
| [Note Date] | [City] | [State] |

**1044 ONEIDA DRIVE, GOULDSBORO, PA 18424-8141**
[Property Address]

### 1. BORROWER'S PROMISE TO PAY

In return for a loan in the amount of U.S. **$227,000.00** (the "Principal") that I have received from **NEW DAY FINANCIAL, LLC.** (the "Lender"), I promise to pay the Principal, plus interest, to the order of the Lender. I will make all payments under this Note in U.S. currency in the form of cash, check, money order, or other payment method accepted by Lender.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

### 2. INTEREST

Interest will be charged on unpaid Principal until the full amount of the Principal has been paid. I will pay interest at a yearly rate of **7.490%**.

The interest rate required by this Section 2 is the rate I will pay both before and after any Survival Event as defined in Section 11 of this Note.

### 3. PAYMENTS

**(A) Time and Place of Payments**

I will pay principal and interest by making a payment every month. This amount is called my "Monthly Payment."

I will make my Monthly Payment on the first day of each month beginning on **MAY 1, 2025**. I will make these payments every month until I have paid all of the Principal and interest and any other charges described below that I may owe under this Note. Each Monthly Payment will be applied as of its scheduled due date and will be applied to interest before the Principal. If, on **APRIL 1, 2055**, I still owe amounts under this Note, I will pay those amounts on that date, which is called the "Maturity Date." I will continue to pay those amounts both before and after any Survival Event as defined in Section 11 of this Note, until I have paid all of the Principal and interest and any other charges described below that I may owe under this Note.

I will make my Monthly Payments at **360 SOUTH ROSEMARY AVENUE, SUITE 1900, WEST PALM BEACH, FL 33401** or at a different place if required by the Note Holder.

PENNSYLVANIA FIXED RATE NOTE --Single Family-- Fannie Mae/Freddie Mac UNIFORM INSTRUMENT     Form 3239   07/2021
Modified for VA
*Page 1 of 4*

EX 25961.6

### (B) Amount of Monthly Payments

My Monthly Payment will be in the amount of U.S. **$1,585.66**. This payment amount does not include any property taxes, insurance, or other charges that I may be required to pay each month.

## 4. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "Prepayment." When I make a Prepayment, I will notify the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the Monthly Payments then due under this Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. A partial Prepayment must be in an amount not less than the next monthly principal payment or $100, whichever is less. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. A full Prepayment will be credited on the date received by the Note Holder and no interest will be charged after that date. A partial Prepayment will be credited by the next payment due date or 30 days after the Prepayment is received by the Note Holder, whichever is earlier. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my Monthly Payment unless the Note Holder agrees in writing to those changes.

## 5. LOAN CHARGES

If applicable law sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the loan exceed the permitted limits, then (a) any such loan charge will be reduced by the amount necessary to reduce the charge to the permitted limit, and (b) any sums already collected from me that exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

## 6. BORROWER'S FAILURE TO PAY AS REQUIRED

### (A) Late Charges for Overdue Payments

If the Note Holder has not received the full amount of any Monthly Payment by the end of **15** calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be **4.000%** of my overdue installment (principal, interest, and escrow for taxes and insurance), unless such amount exceeds the maximum amount allowed by applicable state law, in which case the Lender may collect the maximum amount allowed by such law. I will pay this late charge promptly but only once on each late payment.

### (B) Default

If I do not pay the full amount of each Monthly Payment on the date it is due, I will be in default.

### (C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of unpaid Principal, all the interest that I owe on that amount, and other charges due under this Note (the "Default Balance"). That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

PENNSYLVANIA FIXED RATE NOTE --Single Family-- Fannie Mae/Freddie Mac UNIFORM INSTRUMENT    Form 3239  07/2021
Modified for VA
Page 2 of 4

EX  25961.6

### (D) No Waiver By Note Holder

If I am in default and the Note Holder does not require me to pay the Default Balance immediately as described above, the Note Holder will still have the right to do so if I continue to be in default or if I am in default at a later time.

### (E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay the Default Balance immediately as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees and costs. I will pay the Note Holder back for those expenses paid by the Note Holder both before and after any Survival Event as defined in Section 11 of this Note.

## 7. GIVING OF NOTICES

### (A) Notice to Borrower

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it, or by mailing it by first class mail, to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address. I will promptly notify the Note Holder of any change to my physical address and of any change to my mailing address. Unless applicable law requires otherwise, notice may instead be sent by e-mail or other electronic communication if agreed to by me and the Note Holder in writing and if I have provided the Note Holder with my current e-mail address or other electronic address. If I have agreed with the Note Holder that notice may be given by e-mail or other electronic communication, I will promptly notify the Note Holder of any changes to my e-mail address or other electronic address.

### (B) Notice to Note Holder

Any notice that I must give to the Note Holder under this Note will be delivered by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

## 8. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety, or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety, or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

## 9. WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

## 10. UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the

**PENNSYLVANIA FIXED RATE NOTE** --Single Family-- **Fannie Mae/Freddie Mac UNIFORM INSTRUMENT**  Form 3239  07/2021
Modified for VA
*Page 3 of 4*

25961.6

protections given to the Note Holder under this Note, a Mortgage, Mortgage Deed, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses that might result if I do not keep the promises that I make in this Note. That Security Instrument also describes how and under what conditions I may be required to make immediate payment of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, Lender will not exercise this option if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender will give Borrower notice of acceleration. The notice will provide a period of not less than 30 days from the date the notice is given in accordance with Section 16 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to, or upon, the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower and will be entitled to collect all expenses incurred in pursuing such remedies, including, but not limited to: (a) reasonable attorneys' fees and costs; (b) property inspection and valuation fees; and (c) other fees incurred to protect Lender's Interest in the Property and/or rights under this Security Instrument.

## 11. EFFECT OF SURVIVAL EVENTS

For purposes of this Note, "Survival Event" is defined as follows:
    (a) any default described in Section 6(B) of this Note;
    (b) Noteholder requiring me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount under Section 6(C) of this Note;
    (c) Noteholder requiring immediate payment of all sums secured by the Security Instrument;
    (d) the Maturity Date as defined in this Note;
    (e) the entry of any judgment against me under this Note; and
    (f) the entry of any judgment under the Security Instrument.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_/s/ Christopher Cusumano_
- BORROWER - CHRISTOPHER CUSUMANO

_/s/ Natashia Cusumano_
- BORROWER - NATASHIA CUSUMANO

*[Sign Original Only]*

Individual Loan Originator: **WALTER HARRINGTON**, NMLSR ID: **2546501**
Loan Originator Organization: **NEW DAY FINANCIAL, LLC.**, NMLSR ID: **1043**

**PENNSYLVANIA FIXED RATE NOTE** --Single Family-- Fannie Mae/Freddie Mac **UNIFORM INSTRUMENT**    Form 3239  07/2021
Modified for VA
Page 4 of 4

EX 25961.6