UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
| CHRISTOPHER J. CUSUMANO, | : | |
| NATASHIA CUSUMANO, | : | CHAPTER 13 |
|     Debtor | : | |
| | : | |
| JACK N. ZAHAROPOULOS | : | |
|     STANDING CHAPTER 13 TRUSTEE | : | CASE NO. 5:26-BK-00066-MJC |
|     Movant | : | |
| | : | |
| CHRISTOPHER J. CUSUMANO, | : | |
| NATASHIA CUSUMANO, | : | |
|     Respondent | | |

TRUSTEE'S OBJECTION TO FIRST AMENDED CHAPTER 13 PLAN

AND NOW, this 25th day of February 2026, comes Jack N. Zaharopoulos, Standing Chapter 13 Trustee, and objects to the confirmation of the above-referenced Debtor(s)' Plan for the following reason(s):

1. Debtor(s)' Plan violates 11 U.S.C. § 1322(a)(1) and § 1325(b) in that Debtor(s) has not submitted all or such portion of the disposable income to Trustee as required. More specifically,

Trustee alleges, and therefore avers, that Debtor(s)' disposable income is greater than that which is committed to the Plan based upon the Means Test calculation and specifically disputes the following amounts:

   a. Average gross monthly income. Trustee requests verification of the amount on Line 2. More specifically, provide copies of all pay advices from all sources for the full 6 months before Debtors filed the instant bankruptcy case.
   b. Retirement loan. Trustee requests verification of the amount on Line 41.
   c. Line 46 should provide for a decrease in expenses from that reported on Line 13d when the car loan for the 2021 Nissan Rogue Sport is paid off.
   d. Debtors must pay their disposable income to the Trustee for a period of 60 months, and they cannot pre pay the base plan to side step this requirement.
   e. Trustee believes and therefore avers that Debtor/Husband's 15% voluntary contributions to retirement combined with Debtor/Wife's 10% contributions are excessive, unreasonable and or unnecessary especially in light of what they have already managed to save for retirement.
   f. In addition, Trustee objects to Debtors' claim of deductions based on household of 3 people when their daughter is a full time college student in her senior year and does not reside in Debtor's household for the majority of the calendar year

2. Debtors' Plan violates 11 U.S.C. §1325(a)(3) in that it has not been proposed in good faith. More specifically,

    a. Debtors' voluntary contributions to retirement are excessive, unreasonable and unnecessary in light of what they have already managed to save and the retirement contribution made by Debtor's employer; and indicative of bad faith considering the minimal plan payments relative to the amount of the debt listed on Schedule E/F. In furtherance of this objection, Trustee requests statements for all of the Debtors' retirement accounts showing activity for the 6 months before Debtors filed for bankruptcy.

    b. Debtors purchased a new 2025 Nissan Kicks vehicle in June 2025 thereby incurring an obligation to pay Capital One Auto Finance $554.87 monthly for a period of 84 months. Before this purchase, Debtor was driving a serviceable 2019 Jeep Renegade with only 72,000 miles on it and about 3 years of payments left at approximately $549.00 per month. The Trustee believes and therefore avers that the purchase of a new vehicle within months of filing for bankruptcy and incurring a new debt for 84 months is indicative of bad faith where the Debtor already had a car that was road worthy. It is further noted that Debtors own a 2009 Nissan Sentra with approximately 102,503 and there is nothing on Schedule A/B to indicate that this car is inoperable.

    c. The Trustee also notes that Debtors do not have any minor dependents. They have an adult daughter who is a senior in college that they support by paying her tuition, room and board in addition to any incidental expenses that she has. The Trustee believes and therefore avers that the Debtors' support of an adult child while proposing to pay their creditors 0% is another factor to consider in assessing the lack of good faith of the Debtors.

    d. Further, the Trustee notes that Debtors are above the median income for a household of 3 people. Their current monthly income for the year per the Means Test is 137,279.40. Considering that Debtors' daughter is not a commuter for college and she will not be in college for the duration of the 5-year commitment period, the Trustee believes and avers that it is unfair to Debtors' creditors to base their disposable income on a household of 3 people for 5 years. Rather, Debtors should have made an allowance for a change in expenses in Part 3 of the Means Test for when the support of the daughter ends. Similarly, in fairness to their creditors, Debtors should have accounted for the decrease in expenses when the car loan for the 2021 Nissan Rogue Sport is paid.

    e. Lastly, the Trustee believes and therefore avers that Debtors have acted in bad faith by proposing a plan to pay $50.00 per month from 02/2026 to 01/2031, and further, by paying the Trustee $3,000.00 on or about January 20, 2026 instead of making monthly payments as provided by the plan. The Trustee believes and therefore avers that Debtors must continue to pay their disposable income to the Trustee for the remainder of the commitment period and cannot sidestep this requirement by pre-paying the base plan amount.

WHEREFORE, Trustee alleges and avers that Debtor(s)' Plan cannot be confirmed, and therefore Trustee prays that this Honorable Court will:

a. Deny confirmation of Debtor(s)' Plan.
b. Dismiss or convert Debtor(s)' case.
c. Provide such other relief as is equitable and just.

Respectfully submitted:

Jack N. Zaharopoulos
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097

BY: /s/ Agatha R. McHale
Attorney for Trustee

# CERTIFICATE OF SERVICE

      AND NOW, this 25th day of February 2026, I hereby certify that I have served the within Objection by electronically notifying all parties or by depositing a true and correct copy of the same in the Unites States Mail at Hummelstown, Pennsylvania, postage prepaid, first class mail, addressed to the following:

SABATINI LAW FIRM, LLC  
216 NORTH BLAKELY STREET  
DUNMORE, PA 18512-

                          /s/Ashley Schott  
                          Office of Jack N. Zaharopoulos  
                          Standing Chapter 13 Trustee